Mann v. Commonwealth.

----

CASE 61—MOTION—DECEMBER 8.

## Mann v. Commonwealth.

APPEAL FROM KNOX CIRCUIT COURT.

1. SPECIAL BAILIFFS—FEES.—A special bailiff having been appointed by a circuit court under the provisions of section 1142 of the Kentucky Statutes, who, in accordance with the order of the court, went to another county and arrested certain witnesses for the Commonwealth, and boarded, lodged and transported them

to the county in which said court was being held, was entitled to an allowance for his said services and expenses at the same rate allowed sheriffs under section 361 of the Kentucky Statutes for mileage and the actual necessary expenses in feeding, lodging and transporting prisoners to the penitentiary.

MARCUM & POLLARD FOR APPELLANT.

1. Under the provisions of sections 1142 and 361 of the Kentucky Statutes, appellant was entitled to the same compensation for the services performed by him as special bailiff as are allowed to sheriffs for expenses, etc., in transporting prisoners to the penitentiary.

W. S. TAYLOR FOR APPELLEE.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT

In a prosecution for murder of the Commonwealth, plaintiff, against Joe Adkins and Jesse Fields, defendants, pending in the Knox Circuit Court, an order was made at the April term, 1895, thereof, appointing Jas. H. Hudson and S. H. Mann special bailiffs, and directing them to proceed to Breathitt county and summons, arrest and bring to the court by the 10th day of that term witnesses for the Commonwealth, whose names were recited, numbering more than thirty persons. As appears from the affidavit of appellant, S. H. Mann, he did, in obedience to said order, go to Breathitt county, and there arrested ten of said witnesses, besides having summoned, as town marshal of Jackson, Breathitt county, thirty witnesses; that the witnesses so arrested by him were dieted, lodged and transported 190 miles at his expense, for which he made out an account, sworn to, and presented the same to the Knox Circuit Court at its January term, 1896, and moved said court to allow his claim. This is an appeal from the order of court overruling said motion.

Section 1142, Kentucky Statutes, provides "that in the trial of any felony case in this Commonwealth, when the case has been called and either party is not ready for trial because of the absence of any witness or witnesses, in any county other than that in which the said court is sitting, and having been duly subpoenaed, and failing to appear the circuit judge thereof be, and he is hereby, empowered to appoint a special bailiff to summon said witness or witnesses, and who shall have power to arrest and bring said witness or witnesses immediately before said court; said bailiff shall be allowed by the judge a reasonable compensation for said service, not to exceed that allowed sheriffs for conveying prisoners to the penitentiary."

Section 361 authorizes an allowance to sheriffs of mileage and the actual necessary expenses for feeding, lodging and transporting a prisoner to the penitentiary.

In our opinion appellant showed himself clearly entitled to an allowance at the same rate allowed by that section to sheriffs for the services rendered and expenses incurred by him under said order, though it is the province of the court to determine, according to the proof of services rendered, the amount to be allowed. Therefore, the court erred in disallowing his entire claim.

The judgment of the court below is, therefore, reversed and the cause remanded for proceedings consistent with this opinion.